## THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. _____

JAMIL HINDI,

               Plaintiff,

   v.

1-800-FLOWERS.COM, INC.,

               Defendant.

_____

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. sections 1332, 1441, 1446, and 1453, Defendant 1-800 Flowers.com, Inc. hereby removes this action from the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida to the United States District Court for the Southern District of Florida, Ft. Lauderdale Division.  In support of removal, 1-800-Flowers states as follows:

1.      On August 3, 2022, Plaintiff Jamil Hindi filed a complaint and commenced this action, individual and purportedly on behalf of all others similarly situated, in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, captioned *Jamil Hindi v. 1-800-Flowers.com, Inc.* (the "State Court Action").  Hindi's complaint relates to his claim that 1-800-Flowers engages in sales calls without prior express written consent in violation of the Florida Telephone Solicitation Act ("FTSA").  (Compl. ¶ 9.)

2.      1-800-Flowers was served on August 15, 2022.

3.      True and correct copies of all process, pleadings, and orders in the State Court Action are attached hereto as **Exhibit A**.  No other pleadings or motions have been filed in the State Court Action.

4.      The basis for removal and this Court's original jurisdiction derives from 28 U.S.C. section 1332 as this is a purported class action in which the number of potential class members is at least 100, the amount in controversy exceeds the sum of $5,000,000, exclusive of interest and costs, and this is a class action in which the plaintiff is a citizen of a State different from the defendant.  Removal is proper under 28 U.S.C. section 1441 because this Court has original diversity jurisdiction over the underlying dispute pursuant to 28 U.S.C. section 1332(d)(2).

5.      1-800-Flowers files this notice of removal within thirty days of service of the complaint on 1-800-Flowers.  28 U.S.C. § 1446(b)(3).

## Diversity Jurisdiction

6.      This action is properly removable under the Class Action Fairness Act, 28 U.S.C. section 1332, because (i) it is a purported class action, (ii) the putative class exceeds 100 individuals, (iii) the plaintiff is a citizen of a State different from the defendant, and (iv) the amount in controversy exceeds $5,000,000 in the aggregate, exclusive of interest and costs.  *See* 28 U.S.C. § 1332(d).

7.      First, this case is a purported class action.  The proposed class is composed of "All persons in Florida who, (1) were sent a telephonic sales call regarding Defendant's good and/or services, (2) using the same equipment or type of equipment utilized to call Plaintiff"  (Compl. ¶ 26.)

8.      Second, the proposed class exceeds 100 individuals.  (**Exhibit B**, Declaration of Matthew Nedbalsky, ¶ 2)

9.      Third, the plaintiff is a citizen of a different State than the defendant.  28 U.S.C. § 1332(d)(2)(A).  Plaintiff Jamil Hindi is a citizen of Broward County, Florida.  (Compl. ¶ 5.) Defendant 1-800-Flowers.com, Inc. is a Delaware corporation with its principal place of business

in Carle Place, New York.  (Compl. ¶ 7); *see* 28 U.S.C. § 1332(c)(1) (stating that "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and the State or foreign state where it has its principle place of business…").

10.     Fourth, the amount in controversy in this putative class action, as alleged in plaintiff's complaint, exceeds $5,000,000.  Although the complaint only specifies that the amount of damages plaintiff and the class seeks exceeds the sum or value of $30,000, it includes allegations that indicate the amount in controversy exceeds $5,000,000, exclusive of interests and costs. (*See* Compl. ¶ 8; *see also* **Ex. B** ¶ 2.)  1-800-Flowers' records show that the number of phone numbers with Florida area codes to which messages were sent exceeds 3,334.  (**Ex. B** ¶ 2).  Because the Florida Telephone Solicitation Act carries a penalty of up to $1500 per violation, the amount in controversy therefore exceeds $5,000,000, exclusive of interests and costs.   Fla. Stat. § 501.059(10)(b).

**Other Requirements for Removal**

11.     The United States District Court for the Southern District of Florida embraces the locality in which the State Court Action is now pending, making this Court a proper forum pursuant to 28 U.S.C. section 1446(a).  Broward County lies in the Ft. Lauderdale Division of this Court.

12.     Pursuant to 28 U.S.C. section 1446(d), a copy of this notice is being served on counsel for plaintiff and a copy is being filed with the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida.

13.     As 1-800-Flowers is the only defendant in this action, all defendants consent to removal. 28 U.S.C. § 1446(b)(2)(A).

14.     This notice is signed pursuant to Federal Rules of Civil Procedure Rule 11.

15.     A copy of the civil cover sheet is attached hereto.

This 14th day of September, 2022

Respectfully submitted,

_____/s/ Theodore B. Randles_____

J. Douglas Baldridge
Florida Bar No. 0708070
Theodore B. Randles
Florida Bar No. 115790
VENABLE LLP
600 Massachusetts Ave., N.W.
Washington, D.C. 20001
Telephone: (202) 344-4000
Facsimile:  (202) 344-8300
Email:  jbaldridge@venable.com
Email:  tbrandles@venable.com

*Attorneys for Defendant*
*1-800-Flowers.com, Inc.*

**Certificate of Service**

I hereby certify that a copy of the foregoing notice of removal will be served this day on

counsel for plaintiff by U.S. Mail and e-mail at the addresses below.

Manuel S. Hiraldo, Esq.
Florida Bar No. 030380
HIRALDO P.A.
401 E. Las Olas Boulevard
Suite 1400
Ft. Lauderdale, Florida 33301
Telephone: (954) 400-4713
Email: mhiraldo@hiraldolaw.com

Michael Eisenband, Esq.
Florida Bar No. 94235
EISENBAND LAW, P.A.
515 E. Las Olas Boulevard
Suite 120
Ft. Lauderdale, Florida 33301
Telephone: (954) 533-4092
Email: meisenband@eisenbandlaw.com

By: */s/ Theodore B. Randles*
Theodore B. Randles